UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| METROPLEX ATHEISTS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00736-O |
| CITY OF FORT WORTH, et al., | § § § | |
| Defendants. | § § | |

### ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3), filed July 17, 2023.[1] Under the federal rules, a Court may issue a temporary restraining order ("TRO") *ex parte*, without written or oral notice to an adverse party, *only if*:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movants' attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1); *see also Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415 (5th Cir. 2013) ("[a] temporary restraining order requires verification in the motion of the immediate need for the order, the efforts that had been taken to contact the adverse party, and a time limit for the order—14 days"). The standard for issuance of an *ex parte* TRO is an exacting one. The reason for placing "stringent restrictions" upon TROs is "that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been

---

[1] This case originated with Plaintiff's Complaint (ECF No. 1), filed on July 17, 2023. Given Plaintiff's recent filing of the case, the docket reflects Defendants have not been served or otherwise appeared.

granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974).

Ordinarily, such orders are permissible where notice is impossible because the opposing party is unknown or is unable to be found. *See First Tech. Safety Sys. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 2003) (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Such an order may also be appropriate if notice to the adverse party "would render fruitless further prosecution of the action." *Id.* This latter scenario exists in limited circumstances, i.e., "(1) there is an imminent threat of the destruction of the disputed property; (2) there is an imminent threat that property will be removed beyond the confines of the state; or (3) there is an imminent threat that the property will be sold to an innocent third party." *Adelman v. Zapata Cty.*, 2009 WL 10715842, at *1 (S.D. Tex. Mar. 4, 2009) (citing *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979)).

Plaintiff's motion does not indicate that the circumstances here justify proceeding without formal notice to Defendants. While Plaintiff does state its desire to display banners in Fort Worth between August 8, 2023 and August 22, 2023, those dates are still weeks away. Based on that timetable and the substance of Plaintiff's motion, it does not appear that Plaintiff seeks an *ex parte* order, despite the styling of its motion. Accordingly, Plaintiff must provide notice to Defendants of their request, and file a notice on the docket explaining the details of the notice they provide. Once notice has been completed, the parties **SHALL** file a joint report with proposed deadlines for adjudicating Plaintiff's claims for preliminary injunctive relief.

**SO ORDERED** this **18th day** of **July, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**