IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **METROPLEX ATHEISTS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00736-O |
| | § | |
| **CITY OF FORT WORTH,** | § | |
| **DOWNTOWN FORT WORTH, INC.,** | § | |
| **MATTIE PARKER, CARLOS FLORES,** | § | |
| **MICHAEL D. CRAIN, CHARLES** | § | |
| **LAUERSDORF, GYNA BIVENS,** | § | |
| **JARED WILLIAMS, MACY HILL,** | § | |
| **CHRIS NETTLES, ELIZABETH M.** | § | |
| **BECK, ALAN BLAYLOCK, JEANETTE** | § | |
| **MARTINEZ, DAVID COOKE,** | § | |
| **WILLIAM JOHNSON,** | § | |
| *each in their individual and official* | § | |
| *capacities*, | § | |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## DEFENDANT DOWNTOWN FORT WORTH, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Downtown Fort Worth, Inc. ("DWFI"), a Defendant, in the above-numbered and entitled cause, by and through its undersigned counsel, to file its Defendant Downtown Fort Worth, Inc.'s Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and would respectfully show the Court as follows:

## I.
## Facts Demonstrating Lack of Success on Merits Precluding Relief

1.0     Metroplex Atheists seeks extraordinary relief in the form of a temporary restraining order and a preliminary injunction against Downtown Fort Worth, Inc., as well as the City of Fort Worth.

1.1     Downtown Fort Worth, Inc. is a membership organization supporting downtown Fort Worth through planning, advocacy, events, and public space management.  While Downtown Fort Worth, Inc.'s personnel assist Fort Worth in facilitating non-profits in accessing the banner program, it is not the entity contracted to manage the program.  On January 26, 2010, the City of Fort Worth entered into a written agreement, the Banner Program Management Agreement, with Downtown Fort Worth Initiatives, Inc. for management of the banner program.  The Banner Program Management Agreement remains in effect.  Because Downtown Fort Worth, Inc. is not the City's "Contractor" under the Banner Program Management Agreement and is not the entity charged with the responsibility for ensuring that the content of a banner displayed conform to the Banner Policy, Metroplex Atheists is most unlikely to prevail on the claims against Downtown Fort Worth, Inc., a different entity that is not the "Contractor" under the Banner Program Management Agreement.

1.2     Further, Downtown Fort Worth Inc. did not make the decision to deny Metroplex Atheists placement of its proposed banners pursuant to the City of Fort Worth's Downtown Banner Program.  The City of Fort Worth developed the Banner Policy as it owns the right-of-way upon which banners are placed.  The Banner Policies and Procedures were developed and adopted by the City of Fort Worth and not by Downtown Fort Worth, Inc.  The Banner Policies and Procedures pre-date the contract between the

City of Fort Worth and Downtown Fort Worth Initiatives, Inc.

1.3    The City of Fort Worth, through its staff, including ultimately the Assistant City Manager, William Johnson, considered the current request of Metroplex Atheists to place banners.  The City of Fort Worth advised Downtown Fort Worth Inc.'s personnel of the City of Fort Worth's determination that the event to be held was too small for banner placement.  The interpretation and application of the City of Fort Worth's Banner Policy resulting in the rejection of the request of Metroplex Atheists to place banner was made by the City of Fort Worth and not by Downtown Fort Worth, Inc., either for itself or acting in support of the City of Fort Worth Banner Management Contractor, Downtown Fort Worth Initiatives, Inc.  The City of Fort Worth advised Downtown Fort Worth, Inc.'s personnel that the City of Fort Worth objected to permitting Metroplex Atheists to place banners because the event being held by Metroplex Atheists was very small.  Downtown Fort Worth, Inc.'s personnel merely communicated to Metroplex Atheists the determination and decision made by the City of Fort Worth rejecting the application for placement of banners.  At the City of Fort Worth's instruction, Downtown Fort Worth, Inc.'s personnel advised Metroplex Atheists that all future inquiries concerning the banner application be directed to William Johnson with the City of Fort Worth.

## II.
## Evidence Supporting Opposition to Injunctive Relief

2.0    Downtown Fort Worth, Inc. submits the following evidence in support of its opposition to the temporary restraining order and the preliminary injunction Metroplex Atheists requests.  Attached here to and incorporated by reference as if stated at length herein are the following Exhibits:

(1)    **Exhibit A** is a true and correct copy of the Declaration of Andy Taft;

(2) **Exhibit B** is a true and correct copy of the Banner Program Management Agreement; and

(3) **Exhibit C** is a true and correct copy of the Fort Worth Banner Policy and Procedures.

(4) **Exhibit D** is a true and correct copy of the art of the banner Metroplex Atheists proposes to hang which is the subject of the request for temporary restraining order and preliminary injunction.

### III.
### Arguments and Authorities

3.0   A party seeking a temporary restraining order and/or a preliminary injunction order bears the burden to demonstrate entitlement to extraordinary relief which includes (1) irreparable injury; (2) no adequate remedy at law; (3) a likelihood of success on the merits; (4) the balance of hardships; (5) and the effect on the public interest. *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  Metroplex Atheists has not demonstrated that it has irreparable injury or a likelihood of success on the merits as to Downtown Fort Worth, Inc.  Accordingly, Metroplex Atheists is not entitled to either the temporary restraining order or the preliminary injunction it seeks.

3.1   Metroplex Atheists asserts that it needs the temporary restraining order and preliminary injunction because absent injunctive relief it will miss the opportunity to promote its event through the hanging of a banner.  Thus, Metroplex Atheists concludes the "injury" is irreparable.  Review of the art of the banner Metroplex Atheists requests this Court to compel be hung readily reveals that this assertion and conclusion are misplaced.  There is no injury, irreparable or otherwise.

3.2   To begin with, the Banner Program permits promotion of an event by hanging banners.  Review of the art of the subject banner, **Exhibit D**, conclusively establishes that the takeaway by any objective observer is an idea—a political or quasi-

religious statement—not an event. The banner in large bold type states "KEEP GOD OUT OF OUR PUBLIC SCHOOLS." In much smaller type, which is not bolded, the banner states "educational seminar." Finally, also in smaller regular type, the URL for the Metroplex Atheists website appears. Importantly, Metroplex Atheists elected to omit from its banner information necessary to promote the event. There is no date of the event on the banner. The location of the event is not stated on the banner. The time of the event is not stated on the banner. The frequency of the event is not stated on the banner.

3.3   For purposes of determining whether Metroplex Atheists has demonstrated irreparable injury, no analysis of the character of the statement on the banner is required. On this issue, the question is whether irreparable harm exists to promotion of the event if the banner, in the form Metroplex Atheists had it created, is not hung before the event. The omission of virtually all information about the event makes it clear that Metroplex Atheists is in no worse position, *vis-à-vis* promoting its event, if the banner is never seen. Because the banner as designed does virtually nothing to actually promote the event, hanging the banner or not hanging it leaves Metroplex Atheists in relatively the same position. It is certainly far less than obvious that a banner observer is prompted to attend an event when the date, time and location are unknown.

3.4   Metroplex Atheists fails to demonstrate the irreparable injury required for the injunctive relief requested because, given the lack of information about the event on the banner, it may only speculate on whether imminent and irreparable injury would result if the banner as designed is not hung. Accordingly, the Court should deny the motion for temporary restraining order and for preliminary injunction.

3.5   Metroplex Atheists also fails to demonstrate a likelihood of success on the

merits against Downtown Fort Worth, Inc. As demonstrated, the contracting party is Downtown Fort Worth Initiatives, Inc. not Downtown Fort Worth, Inc. But more importantly, the evidence conclusively establishes that the City of Fort Worth not Downtown Fort Worth, Inc. made the decision on whether to approve the banner application of Metroplex Atheists. Accordingly, and even if Metroplex Atheists is able to overcome the lack of event promotion by its banner design, it has not shown a likelihood of success as to Downtown Fort Worth, Inc.

## Prayer

WHEREFORE, PREMISES CONSIDERED Downtown Fort Worth, Inc. prays that, upon consideration hereof, the Court will deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Downtown Fort Worth, Inc. further prays for general and such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Daniel L. Bates*
Daniel L. Bates
State Bar No. 01899900
dbates@deckerjones.com
**DECKER JONES, P.C.**
801 Cherry Street, Suite 2000, Unit #46
Fort Worth, Texas 76102
Telephone: (817) 336-2400
Telecopier: (817) 336-2181
*Attorney For Defendant, Downtown Fort Worth, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on August 2, 2023, a true and correct copy of the above and foregoing instrument is being forwarded to all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure, and being filed with the Clerk of Court, using the CM/ECF system that will send notification to counsel of record of such filing.

Matthew E. Furse  - MFurse@GPM-Law.com
Lawrence S. Fischman - LFischman@GPM-Law.com
Robert N. Loughran - RLoughran@GPM-Law.com
**GLAST, PHILLIPS & MURRAY, P.C.**
14801 Quorum Dr., Ste. 500
Dallas, Texas 75254-1449
*Attorneys for Plaintiff,* Metroplex Atheists

and

Geoffrey T. Blackwell (NJ # 120332014) - *Application for pro hac vice admission forthcoming*
American Atheists Legal Center 1517 N. Stillman St., Unit 2
Philadelphia, PA 19121
Phone: (908) 603-8787
gblackwell@atheists.org

Laetitia Coleman Brown - Laetitia.Brown@fortworthtexas.gov
Deputy City Attorney/Chief Litigator
Trey Qualls - trey.qualls@fortworthtexas.gov
Assistant City Attorney
City of Fort Worth
Office of the City Attorney
200 Texas Street
Fort Worth, Texas 76102-6311
*Attorneys for Defendant, City of Fort Worth*

                                                    */s/ Daniel L. Bates*
                                                    Daniel L. Bates

Defendant DFWI's Response to Pltf.'s Motion for TRO and Prelim. Inj.    Page **7** of **7**
1746.09023/494417