**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **METROPLEX ATHEISTS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00736-O** |
| | § | |
| **CITY OF FORT WORTH,** | § | |
| **DOWNTOWN FORT WORTH, INC.,** | § | |
| **MATTIE PARKER, CARLOS FLORES,** | § | |
| **MICHAEL D. CRAIN, CHARLES** | § | |
| **LAUERSDORF, GYNA BIVENS,** | § | |
| **JARED WILLIAMS, MACY HILL,** | § | |
| **CHRIS NETTLES, ELIZABETH M.** | § | |
| **BECK, ALAN BLAYLOCK, JEANETTE** | § | |
| **MARTINEZ, DAVID COOKE,** | § | |
| **WILLIAM JOHNSON,** | § | |
| *each in their individual and official* | § | |
| *capacities*, | § | |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

---

**APPENDIX IN SUPPORT OF DEFENDANT DOWNTOWN FORT WORTH, INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Downtown Fort Worth, Inc., a Defendant, in the above-numbered and entitled cause, by and through its undersigned counsel, to file its Appendix in Support of Defendant Downtown Fort Worth, Inc.'s Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, as follows:

| EXHIBIT | DESCRIPTION | APP. NO. |
|:---:|:---|:---:|
| **A** | Declaration of Andy Taft | 1-3 |
| **B** | Banner Program Management Agreement | 4-9 |
| **B** | City of Fort Worth Banner Policy and Procedures | 10-16 |

| D | The art of the banner Metroplex Atheists proposes to hang which is the subject of the request for temporary restraining order and preliminary injunction | 17 |
|---|---|---|

Respectfully submitted,

/s/ Daniel L. Bates
Daniel L. Bates
State Bar No. 01899900
dbates@deckerjones.com
**DECKER JONES, P.C.**
801 Cherry Street, Suite 2000, Unit #46
Fort Worth, Texas 76102
Telephone:  (817) 336-2400
Telecopier:  (817) 336-2181
*Attorney For Defendant, Downtown Fort Worth, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 2, 2023, a true and correct copy of the above and foregoing instrument is being forwarded to all counsel of record in accordance with Rule 5 of the Federal Rules of Civil Procedure, and being filed with the Clerk of Court, using the CM/ECF system that will send notification to counsel of record of such filing.


Matthew E. Furse  - MFurse@GPM-Law.com
Lawrence S. Fischman - LFischman@GPM-Law.com
Robert N. Loughran - RLoughran@GPM-Law.com
14801 Quorum Dr., Ste. 500
Dallas, Texas 75254-1449
Tel. (972) 419-8300
Fax. (972) 419-8329
*Attorneys for Plaintiff,* Metroplex Atheists

and

Geoffrey T. Blackwell (NJ # 120332014) - *Application for pro hac vice admission forthcoming*
American Atheists Legal Center 1517 N. Stillman St., Unit 2
Philadelphia, PA 19121
Phone: (908) 603-8787
gblackwell@atheists.org


Laetitia Coleman Brown - Laetitia.Brown@fortworthtexas.gov
Deputy City Attorney/Chief Litigator
Trey Qualls - trey.qualls@fortworthtexas.gov
Assistant City Attorney
City of Fort Worth
Office of the City Attorney
200 Texas Street
Fort Worth, Texas 76102-6311
*Attorneys for Defendant, City of Fort Worth*


*/s/ Daniel L. Bates*
Daniel L. Bates

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **METROPLEX ATHEISTS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00736-O** |
| | § | |
| **CITY OF FORT WORTH,** | § | |
| **DOWNTOWN FORT WORTH, INC.,** | § | |
| **MATTIE PARKER, CARLOS FLORES,** | § | |
| **MICHAEL D. CRAIN, CHARLES** | § | |
| **LAUERSDORF, GYNA BIVENS,** | § | |
| **JARED WILLIAMS, MACY HILL, CHRIS** | § | |
| **NETTLES, ELIZABETH M. BECK, ALAN** | § | |
| **BLAYLOCK, JEANETTE MARTINEZ,** | § | |
| **DAVID COOKE, WILLIAM JOHNSON,** | § | |
| *each in their individual and official* | § | |
| *capacities,* | § | |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

---

## DECLARATION OF ANDY TAFT

---

I, Andy Taft, in accordance with the provisions of 28 U.S.C. Section 1746, declare as follows:

1.     My name is Andy Taft.  I am President of Downtown Fort Worth, Inc., a Defendant named by Metroplex Atheists in the above-numbered and entitled cause.  I am also President of Downtown Fort Worth Initiatives, Inc.  I am over the age of eighteen (18) years, of sound mind, and am otherwise fully qualified and competent to make this Declaration.  The facts stated in this Declaration are within my personal knowledge and are true and correct based upon my participation in the business of Downtown Fort Worth, Inc. and Downtown Fort Worth Initiatives, Inc.

2.     As President of Downtown Fort Worth, Inc. and Downtown Fort Worth Initiatives, Inc., I manage the personnel and programs of these organizations, including the City of Fort Worth Banner Program.  From my participation in this program, I am familiar with the agreement with the City of Fort Worth for placement of banners and the activities of Downtown Fort Worth, Inc. and Downtown Fort Worth Initiatives, Inc. supporting the banner program.

**1**

3.      Downtown Fort Worth, Inc. is a membership organization supporting downtown Fort Worth through planning, advocacy, events, and public space management.  Downtown Fort Worth Initiatives, Inc. is a non-profit corporation which has 501(c)(3) status under the Internal Revenue Code.  I have reviewed the Complaint filed in this case by Metroplex Atheists against the City of Fort Worth and Downtown Fort Worth, Inc.  I have also reviewed Defendant Downtown Fort Worth Inc.'s Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.  From my knowledge and participation in managing Downtown Fort Worth, Inc., Downtown Fort Worth Initiatives Inc. and the activities regarding the Banner Program and the request of Metroplex Atheists to hang banners, verify that all of the facts stated in Downtown Fort Worth, Inc.'s Response are true and correct.  Also, I am able to identify exhibits to Downtown Fort Worth, Inc.'s response.

4.      I identify **Exhibit B** as a true and correct copy of the Banner Program Management Agreement with Downtown Fort Worth Initiatives, Inc.  This Banner Program Management Agreement remains in effect through the present.  Pursuant to the Banner Program Management Agreement, Downtown Fort Worth Initiatives, Inc. is the "Contractor" for the City of Fort Worth for management of the Banner Program.

5.      I identify **Exhibit C** as a true and correct copy of the City of Fort Worth Banner Policy and Procedures.  These policies and procedures predate the Banner Program Management Agreement with Downtown Fort Worth Initiatives, Inc.  These policies and procedures were created and adopted by the City of Fort Worth.

6.      I identify **Exhibit D** as a true and correct copy of the art of the banner that is the subject of this case.

7.      Downtown Fort Worth, Inc.'s personnel serve to fulfill the duties and requirements of Downtown Fort Worth Initiatives, Inc. to manage the Banner Program pursuant to the Banner Program Management Agreement.  Accordingly, in doing so it is not uncommon for personnel to reference Downtown Fort Worth, Inc. as if it were the "Contractor," rather than Downtown Fort Worth Initiatives, Inc.  However, Downtown Fort Worth Initiatives, Inc. has the contract with the City of Fort Worth concerning management of the Banner Program.  Downtown Fort Worth, Inc. has no written agreement with the City of Fort Worth to manage the Banner Program.

8.      As finalization of the request to hang banners by Metroplex Atheists neared, I received information from the Fort Worth Assistant City Manager, William Johnson, that the City of Fort Worth objected to the request to hang banners by Metroplex Atheists because the size of the event sponsored by Metroplex Atheists was small.  Based on the objection made by the City of Fort Worth, as it was communicated to me, our personnel advised Metroplex Atheists that the City of Fort Worth had denied the application to hang banners.  Metroplex Atheists had questions and sought information concerning the denial of the request to hang banners, including sending Downtown Fort Worth, Inc. requests for documents pursuant to the Public Information Act.  Pursuant to the instruction we received from the City of Fort Worth that all inquiries from Metroplex Atheists concerning

**2**

the banner application be referred to the City of Fort Worth, our personnel advised Metroplex Atheists to direct all its inquiries and Public Information Act Requests to the City of Fort Worth.  From that point until this litigation, Downtown Fort Worth, Inc.'s personnel had no substantive contact with Metroplex Atheists concerning the banner request.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 2nd day of August, 2023.

_____
ANDY TAFT

# EXHIBIT B

CITY SECRETARY
CONTRACT NO. 40780

## BANNER PROGRAM MANAGEMENT AGREEMENT

This Banner Program Management Agreement ("Agreement") is executed as of the 26 day of January, 2010 by and between the City of Fort Worth, a home-rule municipal corporation situated in Tarrant, Denton, Parker and Wise Counties, Texas ("City"), acting by and through Fernando Costa, its duly authorized Assistant City Manager, and Downtown Fort Worth Initiatives, Inc., ("Contractor"), acting by and through, Andy Taft, its duly authorized President. City and Contractor may be referred to herein individually as a "Party" or collectively as the "Parties."

**ARTICLE I**
**RECITALS**

WHEREAS, the Fort Worth City Council adopted the City of Fort Worth Banner Policy and Procedures on March 12, 1998, via M&C G-12155 ("Policy"); and

WHEREAS, the Policy governs the installation of vertical banners suspended from rods and brackets attached to metal street light poles ("Poles") within City Right-of-Way; and

WHEREAS, the Policy permits special agreements with non/not-for-profit organizations seeking to manage a banner program within a defined area of the City if recommended by the Director of Transportation and Public Works and the appropriate Council Committee and authorized by the Fort Worth City Council; and

WHEREAS, Downtown Fort Worth, Inc. is a non/not-for-profit organization authorized to manage Public Improvement Districts No. 1 and 14 in the City; and

WHEREAS, Downtown Fort Worth, Inc. seeks a special agreement with the City of Fort Worth to manage a banner program within Public Improvement Districts No. 1 and 14 in accordance with the Policy; and

WHEREAS, the Director of Transportation and Public Works and the Infrastructure and Transportation Committee recommended said agreement on December 8, 2009 and City Council authorized the agreement on January 26, 2010 via M&C No. C-24034; and

WHEREAS, the Parties have reached agreement concerning the management of a banner program for PID Nos. 1 and 14 as more fully set forth herein.

**ARTICLE II.**
**BANNER PROGRAM MANAGEMENT**

1. In accordance with the Policy, Contractor will manage a banner program for vertical banners on offsite poles within Public Improvement District Nos. 1 and 14 in the following boundaries:

Page 1 of 6

**4**

PID #1

The area bounded by the Santa Fe (Burlington Northern) tracks, as well as Weatherford to Nichols, to Belknap, west on Belknap to Bluff, North on Bluff to the former right-o-way of Cummings, then along the western border of the Nash Elementary property to the Trinity River, on the east; The Trinity River on the north and the west ; 10th Street, east on 10th Street to Florence, south on Florence to Texas, then west on Texas to the western edge of the Tarrant College District parking lot, south along the alley to the north curb of Lancaster Boulevard, along the north curb line of Lancaster to the intersection of Lancaster with the Railroad trestle on the south.

PID #14

The area bounded by the western property line of the Nash Elementary School to the Trinity River, along the Trinity River on the west to the northern Boundary of Block 1 Mulligan Addition; along the northern property line of Block 1 Mulligan Addition and along the northern property line Pioneers West Cemetery on the north; the Gulf Colorado and Santa Fe Railway on the East to Belknap Street; Belknap Street to Elm Street on the South, north on Elm Street to the Southern property line of Nash Elementary, west along the southern property line of Nash Elementary to the Western property line of Nash Elementary School.

2.  Contractor may suspend vertical banners from rods and brackets attached to metal street light poles ("Poles") located in the ROW within the boundaries described above to promote an event/exhibit to be held in the City of Fort Worth and open to public within the parameters provided by the Policy.

3.  City waives all fees associated with Contractor's management of the banner program contemplated by this Agreement. However, if Contractor charges others fees to participate in the banner program under this Agreement, those fees cannot exceed those identified in the Policy.

4.  Contractor shall maintain the following insurance coverage during the term of this Agreement:

    A.  WORKERS' COMPENSATION INSURANCE:  The Contractor shall maintain, during the life of this Agreement and any extension period, statutory Workers Compensation Insurance on all of its employees engaged in work under this Agreement and for all subcontractors unless such subcontractors maintain their own Workers' Compensation Insurance.

    B.  COMMERCIAL GENERAL LIABILITY INSURANCE:  The Contractor shall procure and maintain during the life of this Agreement and any extension period, a commercial general liability insurance policy in the amount of $1,000,000.00 covering each occurrence with an aggregate limit of $2,000,000.00.  Such policy shall be endorsed to name the City as an additional insured.

**5**

C. AUTOMOBILE INSURANCE:  The Contractor shall procure and maintain, during the life of this Agreement and any extension period, a comprehensive bodily injury and property damage automobile liability policy in the amount not less than $1,000,000.00 for each accident.  This policy shall cover any automobile used within the scope of this contract.  Such policy shall be endorsed to name the City as an additional insured.

D. INSURANCE REQUIREMENTS:  The insurance specified in this Section 5 hereof shall comply with the following requirements:

1. The named insured on Contractor's insurance policies shall be Downtown Fort Worth Initiatives, Inc.

2. Additional insured on the Contractor's insurance policies listed in paragraphs B and C, shall be the City of Fort Worth.

3. Certificates of Insurance showing the City of Fort Worth as the Certificate Holder and additional insured and evidencing coverage required in this Agreement shall be provided to the Director, Department of Transportation and Public Works, City of Fort Worth, 1000 Throckmorton Street, Fort Worth, Texas 76102 within 10 days from the date of execution; and any failure of the City to request same shall not be construed as a waiver of such requirement.  No banners shall be installed until documentation of insurance coverage is provided to the City.

4. A minimum notice of thirty (30) days shall be provided the City in the event of cancellation or non-renewal of policy(s); provided, however, a ten (10) day notice shall be acceptable in the event of non-payment of insurance premium(s).

5. Insurers of all policies of insurance shall be licensed or otherwise authorized to do business in the State of Texas and be otherwise acceptable to the City in terms of financial strength and solvency.

6. Deductible limits of required insurance policies shall be acceptable to the City.

7. Applicable policies shall be endorsed with waiver(s) of subrogation in favor of the City.

8. The City shall be entitled, upon its request, and without incurring expense, to review the Contractor's insurance policies including endorsements thereto and, at the City's discretion, the Contractor may be required to provide proof of insurance premium payments.

9. The Commercial General Liability insurance policy required of the Contractor shall have no exclusions by endorsement unless approved in writing by the City.

10. The City shall never be responsible for the cost of any insurance required of the Contractor.

11. All liability insurance required of the Contractor shall be written on an occurrence basis as such is authorized in the State of Texas by the State Department of Insurance and its respective Board.

5. Contractor is responsible for any damage to City property caused by Contractor, its contractors, subcontractors, employees, agents, visitors or invitees as determined by the City.

6. The City shall be responsible for repair and replacement of the electrical components of the Poles as well as repair, and maintenance of the Poles unless said repair, maintenance and/or replacement is necessitated by Contractor, its contractors, subcontractors, employees, or agents as determined by the City.

7. Contractor shall be responsible for the painting and cleaning of the Poles.

8. Contractor is responsible for ensuring that the content of the banners displayed conform to the Policy.

9. Contractor will advise all approved applicants of the following:

   a. Generally, Contractor will cause the installation of the banners contemplated by this Agreement. However, applicants seeking to cause the installation of banners by those other than Contractor shall be required to hire contractors who are licensed and bonded in accordance with City standards and policies to work in the City's right-of-way to install banners during the hours of 9:00 a.m. – 4:00 p.m. weekdays and daylight hours on weekends.

   b. The applicant's contractor must provide commercial general liability insurance of $1,000,000 for any auto and obtain a **"Street Use Permit"** from T/PW Street Permit Center (311 W. 10th Street) prior to working in the City's right-of-way.

   c. Banner installation shall occur only between the hours of 9:00 a.m. to 4:00 p.m. on weekdays and 30 minutes after sunrise and 30 minutes prior to sundown on weekends.

10. Either party hereto may give notice in writing of a change of address at least 30 days prior to the effective date of the change of address. Any notice that is required or may be given hereunder shall be addressed as follows:

   If to the City of Fort Worth:

   Director
   Transportation and Public Works
   1000 Throckmorton
   Fort Worth, Texas 76102

   If to Contractor:

   President
   Downtown Fort Worth Initiatives, Inc.
   777 Taylor Street
   Suite 100
   Fort Worth, Texas 76102

11. Term:

   a. Unless terminated as provided for herein, the term of this Agreement shall be contemporaneous with the term of City Secretary Contract No. 36039 for PID # 1 and City Secretary Contract No. 39349 for PID # 14. Renewal of City Secretary

**7**

Contact No. 36039 and City Secretary Contract No. 39349 shall be a renewal of this Agreement as it pertains to the respective PID.

b. Notwithstanding any such renewal, either party hereto may terminate this agreement upon thirty (30) days notice by giving the other party hereto notice in writing of its intention to so terminate.

12. Indemnification:

a. Contractor covenants and agrees to, and does hereby, indemnify, hold harmless and defend the City, its officers and employees, from and against any and all suit or claims for damages or injuries, including death, to any and all persons or property, whether real or asserted, arising out of or in connection with any negligent act or omission on the part of the Contractor, its officers, agents, servants, employees, contractors, or subcontractors, and the Contractor does hereby assume all liability and responsibility for injuries, claims or suits for the damages to persons or property, of whatsoever kind of character, whether real or asserted, occurring during or arising out of the performance of this Agreement as a result of any negligent act or omission on the part of the Contractor, its officers, agents, servants, employees, contractors,  or subcontractors.  Such indemnification shall include Worker's Compensation claims of or by anyone whomsoever in any way resulting from or arising out of the Contractor's work, services and operations in connection herewith, including operations of subcontractors, if any, and the acts or omissions of employees or agents of the Contractor.

b. Contractor shall likewise indemnify, defend and hold harmless the City for any and all injury or damages to City property arising out of or in connection with any and all negligent acts or omissions of Contractor, its officers, agents, servants, employees, contractors, subcontractors, licensees, or invitees.

c. Insurance coverage specified herein constitutes the minimum requirements and said requirements shall in no way lessen or limit the liability of the Contractor under the terms of this Agreement.  Contractor shall procure and maintain, at its own cost and expense, any additional kinds and amounts of insurance that, in its own judgment, may be necessary for proper protection in the prosecution of its work.

13. It is expressly understood and agreed that Contractor shall perform all work and services described herein as an independent contractor and not as an officer, agent, servant or employee of the City; that Contractor shall have exclusive control of and the exclusive right to control the details of the services and work performed hereunder, and all persons performing the same; and shall be solely responsible for the acts and omissions of its officers, agents, employees, contractors and subcontractors; that the doctrine of respondent superior shall not apply as between City and Contractor, its officers, agents, employees, contractors, and subcontractors; and that nothing herein shall be construed as creating a partnership or joint enterprise between City and Contractor.  No person performing any of the work and services described hereunder shall be considered an officer, agent, servant or employee of the City.

**(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)**

**8**

     

**CITY OF FORT WORTH**                          **CONTRACTOR:**

**DOWN TOWN FORT WORTH
INITIATIVES, INC.**

Fernando Costa,
**Assistant City Manager**

**Recommended by:**

Andy Taft
**President**

William Verkest, P.E., Director
**Transportation and Public Works**

**Approved as to Form and Legality:**

Amy J. Ramsey,
**Assistant City Attorney**

**ATTEST:**

Marty Hendrix
**City Secretary**

Authorization: M&C  C-24034

Date: 1/26/10

**9**

# EXHIBIT C

City of Fort Worth
Banner Policy and Procedures
*Department of Transportation and Public Works*

1-60 PURPOSE    The purpose of this policy is to govern the placement of banners within the rights of way (ROW) of the City of Fort Worth (the "City'). This policy will be administered by the Department of Transportation and Public Works (TPW).

1-61 ELIGIBILITY            Only a non/not-for-profit organization (hereinafter referred to as "Organization") may request permission to place banners within the public ROW for the purpose of promoting the Organization or a special event and/or exhibit held by the Organization. If promoting an event/exhibit, it must be held in Fort Worth and be open to the public, or of common interest to the general community, or recognize and/or contribute to the cultural fabric of the City. Such events/exhibits may include (but are not limited to): an arts, entertainment, or education related activity; a public social occasion; a sports contest; or a public concert.

1-62    VERTICAL BANNERS Vertical banners are suspended from rods and brackets attached to metal street light poles ('poles") located in the ROW. Poles bearing traffic signals are excluded.
   A.   General Requirements- Vertical banners must:
      1. Measure no more than thirty inches (wide) by eight feet (tall) (30" X 8').
      2. Be installed using approved rods placed in metal brackets.
      3. Be displayed so that no portion of the banner is within less than twelve feet (12') of the pavement surface.
      4. Not extend more three and one-half (3 1/2) feet from the pole.
      5. Not be displayed on poles contiguous with or within 50 feet of property currently utilized as "Residential" or property zoned "Residential" under the City's zoning ordinance.

   B.   On Site Banners -- "On Site Banners" refer to banners mounted on poles contiguous to property owned by the Organization. Property which is owned by the Organization but used for a purpose other than that for which the Organization was created (ie. leased to a "for-profit") is excluded. Banners may be placed on poles located in the median of a roadway provided that the property on each side of the ROW meets the criteria of this section. On Site Banners will be permitted for a period not to exceed one calendar year, subject to annual application. On Site Banners may be used for general promotion of the Organization or promotion of special events/exhibits to be held on a specific date (or dates).

**10**

C. Off Site Banners – "Off Site Banners" refer to banners mounted on poles which are not contiguous to the property owned by the Organization. Off Site Banners are restricted to promotion of special events/exhibits to be held on a specific date (or dates). These banners may be displayed no more than 6 weeks prior to the start of the event/exhibit and must be removed within 5 working days of the completion of the event/exhibit. In no case will banners be displayed for more than 90 days.

1-63.   SUBMISSION REQUIREMENTS An Organization requesting permission to place banners in the ROW must complete the Application for Temporary Banner Permit (the Application). The Application and supporting documents must be submitted to the City Traffic Engineer (or designee) at least four weeks prior the to the date(s) being requested. The City Traffic Engineer (or designee) will review the Application for completeness to ensure all requirements are met. The Application must:

A. State the purpose of the organization and event being promoted (if applicable).
B. State the dates and times banners will be installed, displayed, and removed; and, if applicable, the date(s) of the special event/exhibit.
C. State the location and number of banners, specifically banner/street light pole locations. In the event of dual requests, the application with the earliest postmark will be given first consideration, unless one of the Organizations has received prior approval in which case they will retain first right of refusal.
D. Include a color sample of the banner design/content.
E. Include a check made payable to the City of Fort Worth for all applicable deposits and fees (see sections 1-64 & 1-65).
F. Include Certificates of Insurance as required by section 1-66.

1-64.   DEPOSIT A $300 deposit is required to cover costs to the City in case of non-compliance (i.e., Organization's failure to remove banners, pole is damaged, etc.). The deposit must accompany the application. The deposit will be refunded if: (a) the request is denied, or (b) the Organization has complied with all requirements (including removal of the banners by the stated removal date) and an inspection by City reveals there has been no significant damage to the poles.

1-65   FEES The Organization will be responsible for a program fee of $100. In addition the Organization will submit payment of a pole rental fee. The pole rental fee is calculated based upon the presence and size of any logo or trademark of a for-profit entity: The fee is calculated as follows:

1. No (for-profit ) logos/trademarks: **$20 per pole**
2. For-profit Logos/trademarks comprising no more than 5% of banner size: **$25 per pole** or $1,000, whichever is greater.
3. For-profit Logos/trademarks comprising more than 5% but in no case more than 10% of banner size: **$50 per pole** or $2,000, whichever is greater.

All fees will cover the period for which the Banner Permit is granted and will not be applied to any Permit renewals.

The program fee is required to offset the cost of administering the Banner Policy.

Pole rental fees will be used to cover maintenance and minor repair costs (painting, etc.) required due to "wear and tear" on the poles. The pole rental fee will be refunded to the Organization if: (a) the application is denied or (b) the request is approved but banners are not hung.

2

**11**

**1-66 INSURANCE REQUIREMENTS** All insurance requirements must be met before the Banner Permit is issued. The following insurance must be documented on a certificate of insurance, with the City named as the Certificate Holder.

    A. Commercial General Liability in the amount of $1,000,000, per occurrence; $1,000,000 annual aggregate

    B. The City shall be endorsed on the policy as an additional insured as its interests may appear.

    C. The policy shall be endorsed to provide a thirty (30) days notice of cancellation or non-renewal to the City.

**1-67 APPROVAL AUTHORITY** The Director of TPW ("the Director"), or his/her designee, shall have sole authority to approve banner applications (including design/content, location and installation dates) and issue a Banner Permit. The appropriate City Council Committee may, upon written request from the Organization to the Director, consider an Application which has been denied by the Director (for reasons of policy non-compliance).

TPW will administer and manage the program (ie. Permit issuance, record keeping, collection of deposits/fees, and pole maintenance).

**1-68 INSTALLATION** In order to minimize the effect on traffic flow, banners, rods and brackets must be installed on weekdays between 9:00 a.m. and 4:00 p.m. or during daylight hours on weekends. Nighttime installation is prohibited. Banners may only be installed on metal street light poles by a contractor licensed and bonded to work in the City ROW. Banners may only be suspended from fiberglass banner rods attached to metal brackets.

**1-69 DISPLAY AND MONITORING** The Organization is responsible for monitoring banners to:

    A. ensure the banners remain in good condition during the display period

    B. detect any problems and take corrective action

    C. ensure a dangerous situation or immediate hazard is corrected immediately.

**1-70 MAINTENANCE** Throughout the display period, the Organization must inspect the banners and brackets and take corrective action as required. Should the City identify any problems with the appearance, condition, or maintenance of the banners, rods or brackets, the City will notify the Organization of the nature of the problem and the location. The Organization has 12 hours after notification to correct the problem. Should the Organization fail to correct the problem within 12 hours, the City may undertake the correction. The Organization will reimburse the City for any costs associated with the correction.

If an identified problem presents a hazard to pedestrian and/or motor vehicle traffic, the City will remove the hazard with the cost being deducted from the deposit. The remaining balance, if any, will be returned to the Organization. Repair costs in excess of the deposit will be billed to the Organization with payment due to the City in 30 days.

Under no circumstances will the City be responsible for any damage to the banners, rods, or brackets.

**12**

1-71 REMOVAL In order to minimize the effect on traffic flow, all banners, rods and brackets should be removed on weekdays between 9:00 a.m. and 4:00 p.m. or during daylight hours on weekends. Nighttime removal is prohibited. Failure to remove the banners on the agreed upon date will result in removal by the City with the cost being deducted from the deposit. The remaining balance, if any, will be returned to the Organization. Removal costs in excess of the deposit will be billed to the Organization with payment due to the City in 30 days.

After removal, the City will inspect the poles. If there is any significant damage to the poles, repairs and/or replacements will be made by the City with the cost being deducted from the deposit. The remaining balance, if any, will be returned to the Organization. Repair costs in excess of the deposit will be billed to the Organization with payment due to the City in 30 days.

1-72 SPECIAL AGREEMENTS Certain Organizations may be permitted to manage a banner program within a defined area of the City.   In such cases, the Director (or designee) will draft a formal agreement describing the terms and conditions under which a banner management program may operate. The Director will then present the agreement to the appropriate City Council Committee. Upon approval by the Committee, the agreement will be forwarded to the City Council for consideration.

1-73 EFFECTIVE DATE – Adopted by the City Council on March 12, 1998  **(M&C G-12155)**

4

**13**



## City of Fort Worth
### *Transportation and Public Works*
**APPLICATION TO HANG BANNERS FROM CITY-OWNED STREET LIGHT POLES IN THE RIGHT-OF-WAY**

Name of Applicant/Organization_____ PH#_____

Contact Person_____ FAX_____

Address_____

Permission to use street light poles to install vertical banners is requested for the following locations:

| | | | |
|---|---|---|---|
| Name of Street | From (Street Name) | To (Street Name) | #Poles |
| Name of Street | From (Street Name) | To (Street Name) | #Poles |
| Name of Street | From (Street Name) | To (Street Name) | #Poles |
| Name of Street | From (Street Name) | To (Street Name) | #Poles |
| Name of Street | From (Street Name) | To (Street Name) | #Poles |

The banners will promote_____

Location of event_____ Date of event_____

Date banners will be installed_____ Date banners will be removed_____

Contractor installing banners_____

Authorized signature_____ Title_____ Date_____

---

**Calculate the cost:**

| | | |
|---|---|---|
| Deposit (refundable if poles sustain no damage) | | $300.00 |
| Application fee | | $100.00 |
| Pole rental fee – (non-profit logo advertising only) | $20.00 per pole | $_____ |
| 5% (for-profit advertising) | $25.00 per pole | $_____ |
| 10% (for-profit advertising) | $50.00 per pole | $_____ |
| | **Total Due** | $_____ |

*Required Attachments:*
- *Check made payable to the City of Fort Worth*
- *Proof on non-profit status*
- *Certificate of Insurance*
- *Color graphic of the proposed banner design with the application*

---

### *For Office Use Only*

_____ Proof of Non-Profit Status
_____ Banner Design Approved
_____ Insurance submitted
_____ Pole Rental Fees Received
_____ Deposit Fee Received
_____ Deposit Fee Returned
_____ Application Fee Received

---

**TPW / STREET PERMIT CENTER
SPECIAL EVENTS
311 W. 10th Street
Fort Worth, TX 76102
(817) 392-7894  FAX (817) 392-8941**

**14**

## BANNER ZONES
### Updated 12/2/03

| STREET | EXTENT | # POLES | TYPE | COMMENTS |
|---|---|---|---|---|
| Alliance | | | | |
| Altamesa Boulevard | Hulen, east to Cul de Sac | 5 | Single | |
| Bryant Irvin Road | Oakmont to Oak Bend | 8 | Median | Gladney Ctr. & City View |
| Bryant Irvin Road | Oak Bend to Overton Ridge | 24 | Median | Gladney Ctr. & City View |
| Bryant Irvin Road | Overton Ridge to I-20 Service Rd. | 14 | Median | City View |
| Camp Bowie Boulevard | University Drive to Arch Adams | 2 or 3 | Median | NCHA, Stock Show, Colonial |
| Camp Bowie Boulevard | Arch Adams to Will Rogers Road | 4 | Median | Separate Contract with Kimbell Art Museum |
| Camp Bowie Boulevard | Will Rogers Road to Montgomery | 7 | Median | Separate contract with Amon Carter Museum |
| Camp Bowie Boulevard | Montgomery to Clover Lane | 24 | Median | |
| Camp Bowie Boulevard | Clover Lane to Hulen Street | 14 | Median | NCHA, Stock Show, Colonial, Gladney Cup |
| Colonial Parkway | University  Drive | 4 | Park Place | Colonial |
| Harley Avenue | Montgomery to Crestline | 10 | Single | Concerts in Garden, Stock Show. NCHA |
| Hulen Street | 1-30 to Vickery | 15 | Single | |
| Hulen Street | Vickery to Bellaire | 31 | Single | Poles on bridges may not be used. |
| Hulen Street | Bellaire to Ranch View | 27 | Single | |
| Hulen Street | Ranch View to Overton Plaza | 37 | Single | |
| Hulen Street | Overton Plaza to I-20 | 11 | Single | |
| Hulen Street | I-20 to South Drive | 16 | Median | |
| Hulen Street | South Drive to Grandbury Rd. | 19 | Median | |
| Lancaster | University Drive to Trinity River Bridge | 20 | Single | |
| Oakmont | Hulen to Oakmont Trail | 6 | Median | Gladney Center for Adoption |
| Oakmont | Oakmont Trail to Harris Parkway | 14 | Median | Gladney Center for Adoption |
| Oakmont | Harris Parkway to Bryant Irvin Rd. | 2 | Median | Gladney Center for Adoption |
| Sycamore School Rd. | West Cleburne Road going east on McCart | 5 | Median | Discovery Church |
| *(See Limits Below)* | | | | |
| University Drive | Jacksboro Hwy. to Trinity River Bridge | 25 | Single | |
| University Drive | Trinity River Bridge to W. Settlement | 10 | Single | |
| University Drive | W. Settlement to Baily/7th Street | 3 | Single | |
| University Drive | Camp Bowie/Baily/7th Street to Lancaster | 6 | Median | |
| University Drive | Lancaster to Crestline | 11 | Single | |
| University Drive | Harley to Rock Springs | 19 | Single | |
| University Drive | Rock Springs Road to I-30 Service Road | 6 | Median | |
| University Drive | I-30 Service Road to Trinity River Bridge | 13 | Single | |
| University Drive | Trinity River Bridge to Colonial Parkway | 7 | Single | |
| University Drive | Colonial Parkway to Park Hill | 9 | Single | |
| University Drive | Colonial Parkway to Park Hill | 6 | Median | |
| University Drive | Park Hill to Cantey | 15 | Single | |
| Western Center Blvd. | (east of) 1-35  to Beach Street | 30 | Median | |
| Western Center Blvd. | (west of) 1-35  to Robert W. Downing | 23 | Median | |

- *ONLY VERTICAL METAL STREET LIGHT POLES MAY BE USED (NON SIGNALIZED POLES)*
- *PLEASE NOTE: FOR POLE RENTALS ON CAMP BOWIE BLVD., CONTACT BRANDY O'QUINN WITH THE HISTORIC CAMP BOWIE (PID) PUBLIC IMPROVEMENT DISTRICT @(817) 737-0100*

**15**



**LIGHT POLE TRAFFIC SIGNAL**

**4' MAX**

**32" MAX**

**16' MIN**

**BANNER POLE**

**? AROUND POLE**

**BANNER BRACKET**

**FIGURE 1**

**16**

EXHIBIT D

**17**